UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HTC CORPORATION and HTC AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TELEFONAKTIEBOLAGET LM ERICSSON and ERICCSON, INC., <br><br> Defendants. | Case No.: 18cv2427-LAB (BLM) <br><br> **ORDER** <br><br> **(1) GRANTING IN PART AND DENYING IN PART HTC'S MOTION TO STRIKE DKT. 1 & 2** <br> **[ECF No. 4.]** <br><br> **and** <br><br> **(2) DENYING HTC'S MOTION TO FILE DOCUMENTS UNDER SEAL** <br> **[ECF No. 5]** |

On October 23, 2018, Plaintiffs filed a motion requesting the Court to strike Plaintiffs' Motion to Compel Rule 45 Production and Rule 30(b)(6) Testimony from Qualcomm [ECF No. 1 ("Motion to Compel")] and Plaintiffs' Motion for Nunc Pro Tunc [ECF No. 2]. ECF No. 4. The Court notes that the Motion to Compel is the initiating document for this case, and as such, it may not be stricken until there is a redacted or amended motion to replace it. Accordingly, the Court **DENIES** Plaintiffs' motion to strike the Motion to Compel. However, the Court grants Plaintiffs leave to file a renewed motion to strike after Plaintiffs have filed a redacted or amended Motion to Compel. The Court **GRANTS** Plaintiffs motion to strike their Motion for Nunc Pro Tunc [ECF No. 2] and **DIRECTS** the Clerk's Office to strike the Motion for Nunc Pro Tunc from the record.

1

Also on October 23, 2018, Plaintiffs filed a motion requesting the Court to file the entire Motion to Compel, including supporting exhibits, under seal. ECF No. 5 ("Motion to File Under Seal"). In support, Plaintiffs state that Defendant Ericsson requested that exhibits 5 through 9 of the Motion to Compel and "any discussion of them" be filed under seal because they are confidential. Id. at 2. The Court finds that the explanation regarding the confidential nature of exhibits 5 through 9 is insufficient to justify filing the <u>entire</u> document under seal and protected from public view. The Court reminds Plaintiffs to consult Chambers Rules for the undersigned magistrate judge, which states the following:

> No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the parties must comply with the procedures explained in Section II.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, in accordance with Judge Major's preferences, a party must file a "public" version of any document that it seeks to file under seal. In the public version, the party may redact only that information that is deemed "Confidential.'" The party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

Accordingly, the Court **DENIES** Plaintiffs' Motion to File Under Seal. However, the Court grants Plaintiffs leave to file a renewed Motion to File Under Seal that corrects these deficiencies.

**IT IS SO ORDERED**.

Dated: 10/24/2018

Hon. Barbara L. Major
United States Magistrate Judge

2

18cv2427-LAB (BLM)